IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAMON ROLF HUYBERS,

    Plaintiff,                    No. 2:09-cv-1447 JFM (PC)

    vs.

STATE OF CALIFORNIA, et al.,

    Defendants.              ORDER

_____/

        Plaintiff is a former state prisoner proceeding pro se. On June 8, 2009, plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

        Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
2  U.S.C. § 1915A(b)(1),(2).

3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989); Franklin, 745 F.2d at 1227.

10        A complaint, or portion thereof, should only be dismissed for failure to state a
11  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
12  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
13  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
14  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
15  complaint under this standard, the court must accept as true the allegations of the complaint in
16  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
17  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
18  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19        On August 23, 1990, plaintiff was adjudged a ward of the San Joaquin County
20  Juvenile Court and committed to the custody of the California Youth Authority for a period of
21  discipline and training, not to exceed six years.  (Complt., Ex. B.)  In the instant complaint,
22  plaintiff seeks monetary damages based on defendants' alleged failure to advise plaintiff of his
23  right to counsel during various probation report interviews[1] in violation of his Sixth Amendment

---

[1] The first probation report interview was held in Case No. J65571/41848, a San Joaquin County Juvenile Court proceeding, on August 1, 1990. (Complt. at 5.) Plaintiff failed to provide dates for the subsequent probation report interviews, but each were held in connection with

right to counsel.  Plaintiff also argues his various subsequent criminal sentences were wrongfully enhanced based on alleged procedural and jurisdictional violations.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.

Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. Id. If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated.  This court finds that plaintiff's action implicates the validity of plaintiff's conviction, and that plaintiff has not shown that the conviction has been invalidated.[2] Accordingly, this action must be dismissed.

/////

---

plaintiff's subsequent sentences:  (2)  December 14, 1999 sentence on attempted robbery (Cal. Penal Code § 314.1) in case number SF078171. (Complt. at 7.)  (3) March 26, 2003 sentence on an indecent exposure charge (Cal. Penal Code § 314.1) in case number LF006560. (Complt. at 7.)  (4) December 3, 2007 sentence on possession of controlled substance (Cal. Health & Safety Code § 11350(a) in Case number SF104814A. (Complt. at 7.)

[2] If plaintiff believes his constitutional rights have been violated, he may wish to seek habeas corpus relief pursuant to 28 U.S.C. § 2254. However, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). Moreover, plaintiff is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1   In accordance with the above, IT IS HEREBY ORDERED that:

2   1. Plaintiff's request for leave to proceed in forma pauperis is granted.

3   2. Plaintiff's complaint is dismissed.

4   DATED: July 30, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; huyb1447.dsm